IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT EDWARD ALEWINE JR.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR CLARIFICATION OF SENTENCE WITHOUT PREJUDICE TO ITS REFILING AS A § 2241 PETITION<br><br>Case No. 2:03-CR-550 TS |

Defendant is serving a 95-month federal sentence.  By his Motion for Clarification of Sentence and Judgment Defendant challenges the manner in which the Bureau of Prisons has calculated his credit for prior time served.

The Court having considered Defendant's Motion finds that it should have been filed as a Petition under 28 U.S.C. § 2241, because it primarily alleges violations of due process in the execution of the court-imposed sentence—specifically the Bureau of Prison's calculation of his credit for time served.[1]  Section 2241(a) provides that a "[w]rit[] of habeas

---

[1] See Cathcart v. U.S. Bureau of Prisons, 211 F.3d 1277, 2000 WL 554547 (10th Cir. 2000) (affirming denial of §2241 petition challenging BOP's refusal to credit time

1

corpus may be granted by [one of the federal courts] within their respective jurisdictions." Defendant is incarcerated in Littleton, Colorado.  The Tenth Circuit has clarified that ". . . a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and *must be filed in the district where the prisoner is confined.*"[2]  The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."  28 U.S.C.§ 2241(b).

In this case, Defendant has filed his request by Motion, rather than by Petition addressed to the district court in the jurisdiction where he is confined—Colorado.  Because it was filed as a Motion rather than a Petition, Defendant has not paid the filing fee necessary to file such a Petition and, therefore, there is no Petition to transfer.  Accordingly, it is

ORDERED that Defendant's Motion for Clarification of Sentence and Judgment (Docket No. 30)  is DENIED WITHOUT PREJUDICE to its refiling as a Petition under 28 U.S.C. § 2241 in the federal district court in the district where he is currently confined.

DATED  July 2, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

spent in federal custody to his federal sentence, in addition to his state sentence).

[2]*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).